## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JUNE T. SOOTER,<br>　　　　　Appellant, | DOCKET NUMBER<br>CH-1221-12-0588-W-1 |
| v. | |
| DEPARTMENT OF COMMERCE,<br>　　　　　Agency. | DATE: April 2, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

June T. Sooter, Lebanon, Kentucky, pro se.

Frances C. Silva, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which granted her request for corrective action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons discussed below, we DENY the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant held a series of temporary positions with the agency's Census Bureau in Kentucky. Initial Appeal File (IAF), Tab 8 at 9-10. She began her appointments in March 2009. *Id*. at 14. Her last temporary position was that of Crew Leader. *Id.* at 9. The agency terminated the appellant effective July 24, 2010, for inappropriate conduct. IAF, Tab 18 at 92-93. The appellant filed a complaint with the Office of Special Counsel (OSC) alleging that her termination was in retaliation for her having made protected disclosures that employees were falsifying time sheets and mileage reimbursement reports and two supervisors were involved in an inappropriate relationship. IAF, Tab 1. The appellant alleged that she made the disclosures to both her first-line supervisor and to her area manager. *Id*. at 11. In May 2012, OSC informed the appellant that it was closing its inquiry into her complaint and advised her of her Board appeal rights. *Id.* at 12.

¶3 The appellant initiated an individual right of action (IRA) appeal with the Board.[2] *Id.* at 4, 6-8. The administrative judge held a hearing and granted the

---

[2] The appellant initiated her appeal on July 3, 2012. IAF, Tab 1 at 1. During the pendency of this IRA appeal, Congress passed, and the President signed into law, the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465. In *Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶¶ 25-26 (2013), we found that the WPEA clarified the definition of a protected disclosure under section 2302(b)(8) and held that this definition should be applied to cases pending

appellant's request for corrective action. IAF, Tab 59, Initial Decision (ID) at 2. The administrative judge found that the appellant exhausted her administrative remedies with OSC and that her termination was a covered personnel action under the statute. ID at 4-5. She also found that the appellant's disclosures that employees were submitting false time and mileage documents and supervisors were approving fraudulent documents were protected because they demonstrated violations of a law, rule, or regulation and abuse of authority. ID at 7-8. The administrative judge found that the individual who terminated the appellant knew of the disclosures and that they were a contributing factor in her decision to terminate the appellant based on the proximity of the disclosures to her termination. ID at 8. She also found that the agency failed to prove by clear and convincing evidence that it would have taken the personnel action in the absence of the appellant's protection disclosures. ID at 10.

¶4     The appellant has filed a timely petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency responded to the appellant's petition for review, and the appellant has filed a reply. PFR File, Tabs 3-4.

¶5     In her petition for review, the appellant argues that the administrative judge accepted false documents as true, incorrectly found that she made her protected disclosures because she was upset that she was not awarded a supervisory position, and erred with regard to the date of her termination.[3] PFR File, Tab 1

---

before the Board. *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 11 (2014). Nonetheless, we do not find that the WPEA's clarification of protected disclosures affects the outcome of this appeal. Further, the provision in the WPEA for compensatory damages does not apply retroactively; therefore, the appellant will not be eligible to seek these damages as relief. *See King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶¶ 15-18 (2013).

[3] To secure corrective action from the Board, an appellant must first exhaust her administrative remedies with OSC. *Aquino*, 121 M.S.P.R. 35, ¶ 9. The appellant then must prove by preponderant evidence that she engaged in whistleblowing activity by making a protected disclosure, and that such whistleblowing activity was a contributing factor in an agency personnel action. *Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 18 (2010). If proven, the Board must order corrective action unless the agency

at 4-10. The appellant's challenges to the initial decision's findings of fact constitute mere disagreement with the explained findings of the initial decision, which are supported by the record. ID at 2-4. The appellant has shown no basis for disturbing those findings. *See Davis v. Department of Veterans Affairs*, 106 M.S.P.R. 654, ¶ 6 (2007) (mere disagreement with the administrative judge's findings and credibility determinations does not warrant full review of the record by the Board).

¶6        The appellant also argues that the administrative judge erred when she did not award interim relief. PFR File, Tab 1 at 10. The administrative judge did not order interim relief because the appellant was a temporary employee with less than a month left in her temporary appointment at the time of her termination. ID at 11. An administrative judge should order interim relief for the period of time from the issuance of the initial decision until the decision becomes the final order of the Board or the issuance of a final Board order on a petition for review unless the administrative judge determines interim relief to not be appropriate. 5 C.F.R. § 1201.111(c)(1); *see Costin v. Department of Health & Human Services*, 72 M.S.P.R. 525, 530 (1996) (finding interim relief to be available in IRA appeals), *modified on other grounds by Costin v. Department of Health & Human Services*, 75 M.S.P.R. 242 (1997). Because we must remand the appeal for further development of the record regarding the proper corrective action for a temporary employee, we find the administrative judge properly found interim relief to be inappropriate in this appeal.

---

establishes by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected disclosure. *Id*. Neither party challenges on review the administrative judge's findings that the appellant exhausted her administrative remedies, proved by preponderant evidence that she made protected disclosures that were a contributing factor in her termination, and that the agency failed to prove by clear and convincing evidence that it would have terminated her in the absence of her protected disclosures. PFR File, Tabs 1, 3-4. We see no reason to disturb these well-reasoned findings.

¶7        Generally, an appellant who prevails in an IRA appeal is entitled to status quo ante relief that includes the following:  cancellation of the retaliatory personnel action; reinstatement to her former position or to another substantially equivalent position, as appropriate; back pay; interest on back pay; and other employment benefits that she would have received had the action not occurred. *Schnell*, 114 M.S.P.R. 83, ¶ 25.  The appellant who prevails is also eligible for relief that exceeds the status quo ante, including medical costs incurred, travel expenses, other reasonably foreseeable consequential damages, and may request disciplinary action be imposed against agency officials who engaged in retaliatory conduct.  *Daniels v. Department of Veterans Affairs*, 105 M.S.P.R. 248, ¶ 23 (2007); 5 C.F.R. § 1201.202(b).  Our reviewing court has determined that the term "consequential damages" in 5 U.S.C. § 1221(g) is limited to reimbursement of out-of-pocket costs to make an individual whole for an improper personnel action but does not include nonpecuniary damages.[4]  *Bohac v. Department of Agriculture*, 239 F.3d 1334, 1343 (Fed. Cir. 2001).  The administrative judge determined that the appellant's request for consequential damages should be addressed in an addendum proceeding.  ID at 11.

¶8        As the administrative judge noted in the initial decision, the appellant was hired under a temporary appointment that was followed by a series of extensions and additional temporary appointments for over a year before her termination.  ID at 2.  Though the appellant had less than 1 month remaining on her temporary appointment at the time of her termination, the appellant seeks damages through the remainder of the operation of the Lexington, Kentucky Census Bureau office.  IAF, Tab 1 at 8, Tab 18 at 91-93.  The record does not reflect whether the Lexington, Kentucky office is still in operation or when it closed.  As such, the record is not sufficiently developed as to the appropriate corrective action to

---

[4] The WPEA did not substantively change an individual's entitlement to consequential damages for whistleblower reprisal.  *See King*, 119 M.S.P.R. 663, ¶ 15 (discussing changes made in the WPEA to section 1221(g)(1)(A)(ii)).

order and the appeal must be remanded for further adjudication. *Schnell*, [114 M.S.P.R. 83](), ¶ 25.

¶9      On remand, the parties should be given the opportunity to present additional evidence and argument as to whether the appellant's temporary position would have been extended and for how long a period of time for the Board to order the appropriate corrective action. The administrative judge may incorporate her prior findings that we have adopted into a new initial decision that also addresses the length of her temporary employment.

### ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.